## IN THE UNITED STATES DISCTIRCT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ABIEZER RAMOS GONZÁLEZ<br>LIZ YANELLY BÁEZ RAMÍREZ<br><br>**Plaintiffs**<br><br>v.<br><br>**Defendants**<br><br>AIS INFOSOURCE, LP; INSURANCE COMPANIES ABC; JOHN DOE AND JANE DOE | **CASE NO.: 25-**<br><br>**RE:** WILLFUL VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT |

## **COMPLAINT**

**TO THE HONORABLE COURT:**

**COMES NOW, ABIEZER RAMOS GONZÁLEZ** and **LIZ YANELLY BÁEZ RAMÍREZ**, (from now on, "Plaintiffs"), through the undersigned counsels, and before this Honorable Court respectfully **STATE**, **ALLEGES**, and **PRAYS** as follows:

### I. INTRODUCTION

**1.** This action seeks redress for the unlawful and deceptive practices perpetrated by the defendants, individually and/or collectively, in connection with their attempts to collect an alleged debt from the Plaintiffs. Such actions constitute violations of the Fair Debt Collection Practices Act (from now on, "FDCPA"). The Plaintiffs respectfully request declaratory relief, in addition to actual, punitive, and compensatory damages arising from these violations under 15 U.S.C. § 1692.

### II. JURISDICTION AND VENUE

**2.** Jurisdiction is invoked under the provisions 28 U.S.C. §1331 and 15 U.S.C. §1692(k)(d).

**3.** Venue is proper in this court under 28 U.S. Code § 1391 because all the events and omissions giving rise to the claims asserted in the Complaint occurred within this judicial district.

### III. THE PARTIES

4.      Plaintiffs, **Abiezer Ramos González** and **Liz Yanelly Báez Ramírez,** are citizens of the Commonwealth of Puerto Rico, residing in Calle 14 Main N 674 Alturas de Rio Grande, Puerto Rico, 00975 and the Debtors in the Bankruptcy Case No. 23-02251; therefore, have standing to appear as "Plaintiffs".

5.      Defendant, **AIS InfoSource, LP** (from now on, "AIS"), is a Texas Limited Partnership with a principal place of business at 5847 San Felipe, Suite 1200, Houston, 77057. AIS is in the business collecting debts either directly or through third parties. AIS is a debt collector as such term is defined in 15 U.S.C. §1692a(6). As it relates to this case, AIS is a debt collector wrongfully collecting a debt on behalf of T-Mobile which is the object of this Complaint and the entity which sought to collect from the Plaintiffs within the jurisdiction of the Commonwealth of Puerto Rico. As such, AIS is a proper defendant in this action. AIS committed and/or participated in acts against Plaintiffs in violation of the FDCPA. Therefore, AIS is responsible for the acts and damages discussed in this Complaint.

6.      Defendants, **JOHN DOE** and **JANE DOE** are fictitious names used to identify one or more individuals whose true identities are currently unknown, but who participated in the acts and omissions giving rise to the claims against the Plaintiffs. These individuals may include, but are not limited to, agents, employees, or representatives of the named defendants, as well as their successors, assigns, or entities acting on their behalf.

7.      Defendants, **INSURANCE COMPANIES ABC**, are the insurance companies of AIS, John Doe and Jane Doe, and/or any other unknown defendants in this case who are liable for the acts against Plaintiffs in violation of the FDCPA, and/or any other applicable statutes and are therefore responsible for the damages and acts alleged in this Complaint.

## IV.  APPLICABLE FACTS

**8.**     AIS is an entity which regularly collects, or attempts to collect, consumer debts for another person or institution.  For example, as of February 13, 2025 AIS website confirms that they own manage and operate an industry leading bankruptcy collection system which assists auto finance, mortgage, consumer finance and telecommunication companies in their respective debt collection efforts.  In addition, AIS operates its business through the use of interstate communications, including telephone lines, facsimile transmissions, and electronic communications.  AIS is a "Debt Collector" as such term is defined under the FDCPA.

**9.**     On or before February 14, 2024 Plaintiff entered into a financial agreement with T-Mobile for the purchase of certain electronic devises and/or corresponding telephone/internet services.

**10.**     The services which T-Mobile was to deliver to the Plaintiffs were to be used by the Plaintiffs for the personal, family, and/or household purposes.

**11.**     Allegedly, prior to February 14, 2024 the Plaintiffs failed to comply with the financial obligations under their agreement with T-Mobile and T-Mobile alleged a debt as a result thereof (the "Consumer Debt").

**12.**     On or before February 14, 2024 T-Mobile retained AIS, to act as a debt collector on behalf of T-Mobile, with respect to the Consumer Debt.

**13.**     On February 14, 2024 AIS, acting as a debt collector on behalf of T-Mobile, sought to collect from the Plaintiffs within the jurisdiction of the Commonwealth of Puerto Rico.

**14.**     To support its attempt to collect from the Plaintiffs – within the Commonwealth of Puerto Rico – AIS included a "Limited Power of Attorney", (hereafter, "Power of Attorney").

**15.**     The Power of Attorney, upon information and believe, was executed on December 6, 2023 in the State of Kansas, USA.

**16.** The Power of Attorney, upon information and believe, was not and has not to this date, been protocolized by a Puerto Rico licensed Notary as is required under the laws of the Commonwealth of Puerto Rico.

**17.** As of February 14, 2024 AIS was not authorized, under the Laws of the Commonwealth of Puerto Rico, to collect from the Plaintiff and/or anyone else within the Commonwealth of Puerto Rico.

**18.** Notwithstanding, AIS, through false representations and misrepresentations to Plaintiffs, knowingly acted without proper authority or legal capacity, falsely holding itself out as a debt collector and/or authorized representative of T-Mobile. All of the above, despite lacking an enforceable and legal Power of Attorney and authorization.

**19.** Plaintiffs are natural persons allegedly obligated to pay the "Consumer Debts" and are individuals within the meaning of "Consumers" as defined under the FDCPA.

**20.** The Consumer Debts were allegedly owed to T-Mobile for personal purposes, making them subject to the FDCPA.

**21.** By attempting to collect from the Plaintiffs, without legal authority to do so, AIS engaged in conduct prohibited under the FDCPA, including misleading representations in violation of 15 U.S.C. § 1692e and unfair practices in violation of 15 U.S.C. § 1692f.

**22.** AIS breached the FDCPA through their unauthorized and unlawful attempts to collect the Consumer Debts, rendering them liable under 15 U.S.C. § 1692k.

## V.    COUNT I – VIOLATION OF 15 U.S.C. § 1692e (FALSE OR MISLEADING REPRESENTATIONS) AGAINST AIS

**23.**    Plaintiffs re-allege each previous allegation as if fully established herein.

**24.**    Plaintiffs allege that AIS violated 15 U.S.C. § 1692e, which prohibits debt collectors from using any false, deceptive, or misleading representations in connection with the collection of a debt.

**25.**    Section 1692 (e) of the FDCPA provides as follows:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing**, the following conduct is a violation of this section:
> [. . .]
> **(10)** The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(emphasis ours). *See*, 15 U.S.C. § 1692e (10).

**26.**    Hence, under 15 U.S.C. § 1692e, it is unlawful for a debt collector to use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Including, without limiting, the use of any false representation or deceptive means to collect or attempt to collect any debt.

**27.**    AIS violated this provision by attempting to collect from Plaintiffs under the false pretense that it was acting as an authorized agent of T-Mobile.  This, despite the objective fact that under Puerto Rico law, AIS was not authorized to hold itself out as an authorized agent of T-Mobile and AIS was not authorized to act on behalf of T-Mobile much less collect from Plaintiff on behalf of T-Mobile the alleged Consumer Debts.

**28.**    The attempt to collect from the Plaintiffs, based upon the unenforceable and invalid Power of Attorney granted in the State of Kansas, created a false and misleading impression regarding the legitimacy of AIS' ability and authority to collect the Consumer Debts.

**29.** AIS misrepresented their authority by attempting to collect based upon an enforceable Power of Attorney. This created a false impression for Plaintiffs that AIS had the right to collect the alleged debts on behalf of T-Mobile, when it did not.

**30.** AIS' Power of Attorney, issued in the State of Kansas, is facially invalid under Puerto Rico Law, rendering AIS' claims and collection acts misleading and unauthorized.

**31.** Puerto Rico's Notary Act, Act No. 75 of July 2, 1987, as amended establishes:

> In order for it to be valid as a public instrument, every notarial document executed outside Puerto Rico must be previously protocolized, with the notary being bound to cancel the same fees as if it had been originally executed in Puerto Rico.
>
> [. . .]

*See*, 4 L.P.R.A. § 2056.

**32.** Furthermore, notarized documents issued outside of Puerto Rico must be notarized so that they can be effective as public instruments within this jurisdiction. They have to be legitimized by a competent authority in order to be notarized . . . <u>DLJ Mortg. Capital, Inc. v. Vargas</u>, No. 16-2823 (JAG), 2018 U.S. Dist. LEXIS 149523, at *12-13 (D.P.R. Aug. 30, 2018).

**33.** Moreover, Puerto Rico's "Powers of Attorney Registration Act", Act No. 62 of May 8, 1937, as amended establishes:

> **No instrument to constitute**, modify, extend, substitute, renounce, or revoke **a power of attorney, executed outside the Commonwealth shall be effective in Puerto Rico unless it is first protocolized in Puerto Rico**; and it shall be the duty of the notary protocolizing such deed to comply with the provisions of § 922 of this title, as if the instrument the subject of the protocolization had been executed before him.

*See*, 4 L.P.R.A. § 923.

**34.** In light of the applicable law, AIS has never had the authority to act as an agent, representative and/or debt collector of T-Mobile. Accordingly, its attempts to collect from Plaintiffs in the Commonwealth of Puerto Rico have at all times been invalid, illegal,

unenforceable and constitute an improper collection effort under the FDCPA for, among other reasons, for constituting a false, deceptive, and/or misleading representation in connection with the collection of a debt.

35. AIS' proffered reliance on the State of Kansas issued Power of Attorney to support its attempt to collect from the Plaintiffs in the Commonwealth of Puerto Rico perpetuated the false narrative that they were legally authorized to act on behalf of T-Mobile, further violating § 1692e.

36. AIS misled Plaintiffs into believing they were obligated to pay debts for which AIS requested payment.

37. AIS actions constitute false and deceptive representations under the FDCPA, as their conduct was designed to mislead Plaintiffs regarding the legitimacy of the alleged collection efforts.

38. As a direct result of AIS' actions, Plaintiffs suffered financial harm, emotional distress, and undue litigation burdens, which no reasonable debtor should be subjected to under the protections afforded by the FDCPA.

39. As a result of AIS' actions, Plaintiffs are entitled to an award of statutory damages, actual damages, and attorney fees pursuant to 15 U.S.C. §1692k.

### VI. COUNT II– VIOLATION OF 15 U.S.C. § 1692f (UNFAIR OR UNCONSCIONABLE PRACTICES) – AGAINST AIS

40. Plaintiffs re-allege each previous allegation as if fully established herein.

41. Under Section 1692f of the FDCPA "**a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**" (emphasis ours). *See*, 15 U.S.C. § 1692f (1).

**42.**     On or about February 14, 2024 AIS sought to collect from Plaintiffs, allegedly as an agent of T-Mobile, despite having no such legal authority under Puerto Rico law thus constituting an unfair attempt to collect a debt.

**43.**     AIS' false attempt to collect the Consumer Debts from the Plaintiffs, without legal authority to do so, forced the Plaintiffs to incur unnecessary litigation costs and divert their financial resources to address AIS' improper actions, constituting unconscionable behavior under § 1692f.

**44.**     By supporting its attempt to collect on a facially invalid Power of Attorney under Puerto Rico's Notary Act and related laws, AIS perpetuated an unfair and unconscionable practice.

**45.**     AIS actions interfered with Plaintiffs' ability to manage their finances by introducing baseless claims, which is an unconscionable means of debt collection.

**46.**     Plaintiffs allege that AIS objectively pursued claims for debts that were unenforceable, improperly documented with the purpose of coercing Plaintiffs to pay and defending themselves against collection efforts unsupported by any valid legal authority.

**47.**     AIS' pattern of submitting multiple unauthorized claims and without addressing their underlying deficiencies caused Plaintiffs to endure unnecessary litigation, violating § 1692f's prohibition against unfair or unconscionable practices.

**48.**     AIS actions constitute unfair or unconscionable means to collect or attempt to collect any debt under the FDCPA, as their conduct was designed to mislead Plaintiffs regarding the legitimacy of the alleged collection efforts.

**49.**     As a direct result of AIS' actions, Plaintiffs suffered financial harm, emotional distress, and undue litigation burdens, which no reasonable debtor should be subjected to under the protections afforded by the FDCPA.

**50.** As a result of AIS' actions, Plaintiffs are entitled to an award of statutory damages, actual damages, and attorney fees pursuant to 15 U.S.C. §1692k.

## VII.  DAMAGES AND REMEDIES REQUESTED

**51.** Plaintiffs re-allege each previous allegation as if fully established herein.

**52.** As a direct and proximate result of AIS' violations of the **FDCPA**, Plaintiffs have suffered substantial economic, emotional damage, for which they are entitled to compensation.

**53.** Plaintiffs incurred unnecessary legal expenses in retaining counsel, reviewing and disputing AIS' unauthorized attempts to collect, and taking legal action to correct and prevent further unlawful debt collection attempts. These costs include, but are not limited to, Attorneys' fees and litigation expenses, costs associated with responding to and defending against AIS' improper claims, additional expenses incurred as a result of AIS' false representations.

**54.** AIS' persistent and harassing collection attempts caused Plaintiffs to suffer severe emotional distress, anxiety, fear, and mental anguish as a result of the repeated attempts to collect invalid debts through unauthorized claims, misrepresentations regarding AIS' authority to act as a legitimate debt collector and representative of T-Mobile, the undue burden of having to defend against fraudulent and deceptive collection efforts, the disruption of Plaintiffs' peace of mind.

**55.** Given AIS' willful, and repeated violations of the FDCPA, Plaintiffs seek statutory and punitive damages to deter AIS from engaging in similar unlawful conduct. Plaintiffs request statutory damages as provided under 15 U.S.C. § 1692k(a)(2)(A), for each violation committed by AIS; punitive damages in an amount sufficient to punish AIS for their egregious conduct and deter similar future violations; actual damages for the financial, emotional, harm suffered as a direct result of AIS' unlawful actions.

**56.** Pursuant to 15 U.S.C. § 1692k(a)(3)**,** Plaintiffs are entitled to recover **reasonable** attorneys' fees and costs incurred in bringing this action.

**WHEREFORE**, Plaintiffs demand judgment against AIS as follows: an award of actual damages in an amount to be determined at trial, but no less than $50,000.00, for the economic and emotional harm suffered due to AIS' unlawful conduct; statutory damages for each violation of the FDCPA committed by AIS; punitive damages in an amount sufficient to deter future similar misconduct; attorneys' fees and litigation costs, as provided by 15 U.S.C. § 1692k(a)(3)**;** declaratory relief finding that AIS' conduct violated the FDCPA; and any additional relief the Court deems just and appropriate.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 13th day of February 2025.

**THE BATISTA LAW GROUP, PSC.**
P.O. Box 191059
San Juan, PR. 00919
Telephone: (787) 620-2856
Facsimile: (787) 777-1589

*/s/ Jesus E. Batista Sánchez*
Jesus E. Batista Sánchez, Esq.
USDC-PR No. 227014
jeb@batistasanchez.com

*/s/ Carlos A. Ortiz Morales*
Carlos A. Ortiz Morales, Esq.
USDC-PR No. 120402
comlaw@gmail.com